**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

**CHARLES E. TAYLOR,**

Plaintiff,

v.                                                                    **Civil Action No.** 4:18cv36

**OCWEN LOAN SERVICING, LLC**

Defendant.

**NOTICE OF REMOVAL**

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, NEWPORT NEWS DIVISION:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, hereby removes this action from the General District Court of Newport News, Virginia to the United States District Court for the Eastern District of Virginia, Newport News Division.

Removal is proper, because this Court has subject matter jurisdiction over the action under federal question jurisdiction. 28 U.S.C. §§ 1331. Accordingly, Ocwen removes this action to this Court, and in support of its Notice of Removal states the following:

**I.   BACKGROUND**

1.   On or about March 1, 2018, Plaintiff Charles E. Taylor ("Plaintiff") filed a Complaint (the "Complaint") against Ocwen in the General District Court of Newport News, Virginia, Case No. GV18-4132 ("State Court").

2.   The Complaint involves a claim under the Telephone Consumer Protection Act ("TCPA"). Plaintiff claims that Ocwen made "dozens" of calls to his cell phone with an "ATDS

in violation of the TCPA without consent and after being told to stop[.]"  A copy of the Complaint filed in state court is attached hereto as **Exhibit A.**

3. Ocwen was served with the Complaint on or about March 1, 2018.

4. This Notice of Removal is being filed within one year of the date of the commencement of the action for removal purposes.  Accordingly, the action is timely removed pursuant to 28 U.S.C. § 1446(c)(1).

5. This Notice of Removal is being filed within thirty days of the service of the Complaint on Ocwen.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

6. Ocwen denies the allegations in the Complaint, denies that Plaintiff has stated any claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner.  Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claim is valid, Plaintiff could have originally filed the Complaint in this Court under federal question jurisdiction because he asserts violations of federal law (TCPA).  Removal of this entire case is therefore proper under 28 U.S.C. §§ 1331, and 1441.

## II.     FEDERAL JURISDICTION

### A.     Federal Question Jurisdiction

7. Based on the pleading of his TCPA claim, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

8. Further, removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

the district court of the United States for the district and division embracing the place where such action is pending."

9. Federal question jurisdiction exists over this action because the claims asserted by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law. Specifically, this case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges claims under, and requires a ruling on the TCPA.

### III.    VENUE

10. Venue is proper in this Court, because this district and division encompass the General District Court of Newport News, Virginia, the forum from which this case has been removed.

### IV.    NOTICE

11. Concurrent with the filing of this Notice of Removal, Ocwen will file a Notice of Filing of Notice of Removal with the Clerk of the General District Court of Newport News, Virginia, and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

12. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. §1446(d).

13. As of the date of this removal, Ocwen has not filed a responsive pleading to the Complaint. Ocwen reserves all rights to assert any and all defenses to the Complaint.

14. If any questions arise as to the propriety of the removal of this action, Ocwen requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Ocwen Loan Servicing, LLC, hereby removes this action to this Court and seeks all other relief as this Court deems equitable and just.

Dated: March 30, 2018

Respectfully submitted,

**OCWEN LOAN SERVICING, LLC**

By: */s/ Michael E. Lacy*
Michael E. Lacy (VSB No. 48477)
Kendall Hamilton Tan (VSB No. 87594)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
Facsimile: (804) 698-5172
Email: michael.lacy@troutman.com
Email: kendall.tan@troutman.com

*Counsel for Ocwen Loan Servicing, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of March 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and a true and correct copy of the foregoing document was sent via Federal Express, to the following:

**Counsel for Plaintiff**
Christopher C. North, Esq.
The Consumer & Employee Rights Law Firm, P.C.
5629 George Washington Memorial Hwy., Suite D.
Yorktown, Virginia 23692

By: */s/ Michael E. Lacy*
Michael E. Lacy (VSB No. 48477)
Kendall Hamilton Tan (VSB No. 87594)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
Facsimile: (804) 698-5172
Email: michael.lacy@troutman.com
Email: kendall.tan@troutman.com

*Counsel for Ocwen Loan Servicing, LLC*