IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

CHARLES E. TAYLOR,

    **Plaintiff,**

v.                                                 Case No.: 4:18cv36

OCWEN LOAN SERVICING, LLC,

    **Defendant.**

### FIRST AMENDED COMPLAINT

    1.    Charles E. Taylor ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

    2.    Plaintiff was notified by the class action administrator in *Snyder, et al v. Ocwen Loan Servicing, LLC,* No. 1:14cv08461 (N.D.Ill.) ("Ocwen Class Action") that he was identified as an individual who Defendant's records indicate was called on his cell phone by Defendant.

    3.    The parties in the Ocwen Class Action recently entered into a court-approved settlement agreement establishing a settlement fund of $17,500,000.00 to pay settlement class members who make valid timely claims, service awards and attorney's fees. Plaintiff opted out of that settlement agreement.

    4.    Plaintiff now brings his individual action to attempt to recover on an individual basis for calls to his cell phone.

5. The TCPA prohibits calls to a cell phone made with an auto dialer or with a prerecorded voice unless prior express consent is given. Plaintiff never so consented.

6. Ocwen Loan Servicing, LLC ("Defendant") called Plaintiff's cell phones using an auto dialer and/or a pre-recorded voice. Because Plaintiff had not given his consent to receive calls from Defendant, these calls violated the TCPA.

7. Should it be determined that Plaintiff did consent to some calls to his cell phone number, that consent was not unrestricted. Also, Plaintiff revoked that consent.

8. This is the exact scenario Congress attempted to prevent in enacting the TCPA. Plaintiff now seeks this Court's intervention and help in attempting to prohibit this unlawful conduct and to award Plaintiff appropriate statutory damages.

## Parties

9. Plaintiff is a resident of Virginia and resides in this District of the Court.

10. Defendant is a mortgage loan servicer that regularly conducts business in Virginia, including but not limited to this District and Division of the Court.

## Jurisdiction and Venue

11. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

12. Venue is proper before this Court under 28 U.S.C. § 1391(b)(1) and (2). Venue is proper in this District because a substantial part of the events giving rise to Plaintiff's claim occurred in this District. Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction. Indeed, Defendant removed this case to this Court.

## Article III Standing

13. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

14. Plaintiff was harmed by Defendant's actions of calling him on his cellular telephone number in the following manners:

    a. Plaintiff's privacy was invaded by Defendant;

    b. Plaintiff was harassed by Defendant's telephone calls;

    c. Defendant's calls were a nuisance to Plaintiff;

    d. Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

    e. Defendant illegally seized Plaintiff's telephone line while it made illegal calls to Plaintiff's telephone;

    f. Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendant;

    g. Defendant's seizure of Plaintiff's telephone line was intrusive;

    h. Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing his phone ring and having to check the calling party;

    i. Defendant's calls interrupted Plaintiff's activities; and

    j. Defendant's calls woke Plaintiff up.

## Factual Allegations

15. Defendant's business is the servicing of loan mortgages on real estate. Defendant uses a predictive dialer and other computerized dialing systems to make

telephone calls to cellular telephone numbers, often without the prior express consent of the persons using those cellular telephone numbers. This practice violates the TCPA.

16. Plaintiff maintains a mortgage on a rental property and a number of companies have serviced that mortgage. Ocwen began servicing the mortgage in approximately 2010.

17. Plaintiff periodically fell behind on his mortgage which occasioned some of the telephone calls to Plaintiff's cell phone number by Defendant.

18. Some of the calls related to his mortgage balance, but many related to marketing or soliciting for a refinance of his mortgage and other unimportant subjects.

19. Defendant placed automated calls to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") which "has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1)."

20. Defendant placed calls to Plaintiff using the Aspect Unified IP dialing system (which has been held by many Courts to be predictive dialer and constitutes an ATDS) and the Cisco dialing system, which collectively are predictive dialers, and/or other computer dialing systems ("Dialers") that constitute an ATDS.

21. The dialing systems constitute an automatic telephone dialing system; they are capable of storing, producing, and dialing any telephone number, and are capable of storing or producing, and dialing telephone numbers using a random or sequential number generator.

22. Further, no human manually entered Plaintiff's cellular telephone number at issue when Defendant made the calls. Rather, the dialing systems electronically dialed

Plaintiff's cellular telephones in an automated fashion. The dialing systems otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

23. When the subject calls connected, there was silence followed by an audible click from the receiver. After a significant pause, a live agent would come on the line. As such, the calls at issue were made using an automatic telephone dialing system, equipment having the capacity to dial Plaintiff's numbers without human intervention.

24. The facts in the preceding paragraph indicate the calls were placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1).

25. Upon information and belief, Defendant also called Plaintiff's cell phone and left pre-recorded or artificial messages.

26. The facts in the preceding paragraph indicate some calls were placed using an "artificial or prerecorded voice."

27. None of the calls at issue were placed by Defendant to Plaintiff's telephones were for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

28. The calls at issue in this lawsuit occurred within the applicable statute of limitations as tolled by the doctrine set forth in *American Pipe & Construction. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Plaintiff seeks recovery for each of these calls.

29. As a result of the aforesaid calls, Plaintiff was affected, both personally and individually, as he experienced an invasion of privacy, worry and inconvenience.

30. More specifically, each time Plaintiff received a call he immediately associated it with being behind on his mortgage, although many times he was not behind on his mortgage.

31. Indeed, many of the calls were placed before the 16th of the month when his mortgage payment, which was due the first of the month, was considered late.

32. Plaintiff is and always has been the only subscriber on the account for his cellular telephone number and is charged for calls made to his cellular telephone via a monthly charge.

33. Plaintiff did not knowingly provide Defendant with his cellular telephone number or permission to call the cellular telephone number with an ATDS or otherwise.

34. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone numbers using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation 47 U.S.C. §227(b)(1)(A)(iii).

35. Plaintiff is informed, believes and alleges that Defendant's violations of the TCPA described above were done willfully and knowingly.

36. The willful and knowing nature of Defendant's conduct is exhibited in part by the following facts:

    a. Defendant is a large entity with access to legal advice through its own regulatory department and outside legal counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful;

    b. Defendant has been sued many time under the TCPA;

      c. In 2018 Defendant settled a TCPA class action for $17,500,000.00, and Plaintiff is a prior member of that class;

      d. Defendant knew or had reason to know that its conduct was inconsistent with published FCC guidance interpreting the TCPA and the plain language of the statute;

      e. Defendant knew that permission was required before Defendant could call Plaintiff's cell phone using an auto-dialer or a prerecorded voice; and

      f. Defendant was aware of the requirements of the TCPA, but chose to not to comply with those requirements.

    37. Plaintiff is entitled to damages of $1,500 per violation pursuant to 47 U.S.C. §227(b)(3) because the violations were willful and knowing violations of the TCPA.

    WHEREFORE, Plaintiff asks the Court to find the Defendant liable under the TCPA for statutory damages of $500.00 for each negligent violation thereof, and $1,500.00 for each willful/knowing violation thereof, and for such additional relief as the Court deems equitable under the circumstances.

    Plaintiff requests trial by jury.

                                      Respectfully submitted,

                                      **CHARLES E. TAYLOR,**

Dated: August 16, 2018                 By: /s/ Christopher Colt North

Christopher Colt North
VSB #16955
The Consumer & Employee Rights Law Firm, P.C.
5629 George Washington Memorial Highway, Suite D
Yorktown, VA 23692
Phone: (757) 873-1010
Fax: (757) 873-8375
cnorthlaw@aol.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which then sent a notification of such filing (NEF) to the following:

Kendall Hamilton Tan
Michael E. Lacy
Troutman Sanders
1001 Haxall Point, Suite 1500
Richmond, VA 23219
Email: kendall.tan@troutmansanders.com
Michael.lacy@troutmansanders.com

Maryia Y. Jones
Troutman Sanders, LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Email:  maryia.jones@troutman.com

  /s/ Christopher Colt North
Christopher Colt North
VSB # 16955
The Consumer & Employee Rights Law Firm, P.C.
5629 George Washington Memorial Highway
Suite D
Yorktown, VA 23692
Phone:  (757) 873-1010
Fax:  (757) 873-8375
Email: cnorthlaw@aol.com
*Counsel for Plaintiff*